The Honorable Jean Edwards State Senator 8607 Earl Chadick Road Sherrill, Arkansas 72152
Dear Representative Edwards:
This opinion is being issued in response to your recent question regarding city court judges. On behalf of the city of Allport, Arkansas, you have presented the following specific question:
 May city court judges reside in a county other than the county in which the court is located?
It is my opinion that city court judges must reside in the county where the court is located.
Mayors are given primary authority to sit as city court judges. See
A.C.A. § 16-18-112 and A.C.A. § 14-45-106. I have previously opined that under the provisions of Article 19, § 3 of the Arkansas Constitution, mayors must reside in the city which they are serving as mayors. See Op. Att'y Gen. No. 93-103. Therefore, if the mayor is acting as city court judge, he or she must not only reside in the county where the court is located, but also must reside in the city where the court is located.
Mayors are given the authority to designate another person to serve in the role of city court judge. See A.C.A. § 16-18-112(e) and A.C.A. §14-45-106(b). These provisions explicitly require that any person so designated by the mayor must reside in the county where the city or town is situated.
Upon the foregoing bases, I conclude that city court judges, whether they are persons designated by the mayor, or whether they are the mayors themselves, must reside in the county where the court is located. I further conclude that city court judges who are mayors must reside in the city where the court is located.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh